UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ALEKSANDR BRODSKIY,

               Plaintiff,         **MEMORANDUM & ORDER**
                                             19-CV-6211-EK
       -against-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

      Plaintiff seeks judicial review of the Commissioner of the Social Security Administration's decision to deny his claims for disability insurance benefits. Before the Court are the parties' cross-motions for judgment on the pleadings. For the following reasons, the Court grants the Commissioner's motion and denies Plaintiff's cross-motion.

## I.   Background

### A. Procedural History

      Plaintiff applied for disability insurance benefits on February 24, 2017. Tr. 12. He claimed disability beginning February 11, 2011, due to depression, anxiety, and back and cervical impairments. Tr. 205. The claim was initially denied. Tr. 12. After requesting a hearing, Plaintiff appeared before an administrative law judge ("ALJ") on November 26, 2018. Tr. 151. The ALJ found that Plaintiff was not disabled and was

1

therefore not entitled to disability insurance benefits.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering it final.  Tr. 1.  This appeal followed.

## B. The ALJ Decision

An ALJ must follow a five-step inquiry for evaluating disability claims.  First, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, the ALJ evaluates whether the claimant has a "severe impairment" — that is, an impairment or combination of impairments that significantly limits the applicant's ability to perform basic work activities. *Id.* § 404.1520(c). If the ALJ identifies a severe impairment, he or she must determine if it meets or equals one of the impairments listed in Appendix 1 of the regulations (the "Listed Impairments"). *Id.* § 404.1520(d); 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the ALJ will deem the applicant disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity, and had the following severe impairments: degenerative disc disease of the cervical spine with radiculopathy and lumbosacral radiculopathy. Tr. 14.  None of those impairments, however, rose to the level of a Listed Impairment.  Tr. 16.

Next, the ALJ must determine a claimant's residual functional capacity ("RFC"), which is the most a claimant can still do in a work setting despite his or her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ found in this case that Plaintiff had the RFC to perform "light work" with some limitations. Tr. 17.

At step four, the ALJ considers whether, in light of the claimant's RFC, the claimant could perform "past relevant work." *Id*. § 404.1520(f). If not, at step five, the ALJ evaluates whether the claimant can perform jobs existing in significant numbers in the national economy. *Id*. § 404.1520(g). The ALJ found that although Plaintiff could not perform past work as a computer programmer, he could perform other jobs existing in significant numbers in the national economy, including housekeeping cleaner, a folder, or an inspector. Tr. 19-20.

## II. Standard of Review

A federal district court has jurisdiction to review the final judgment of the Commissioner denying an application for Social Security disability benefits. 42 U.S.C. § 405(g). The review is limited to two questions: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir.

2009). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotations omitted). "[I]f supported by substantial evidence," the Commissioner's factual findings "shall be conclusive." 42 U.S.C. § 405(g).

### III. Discussion

#### A. Rule 202.06

Plaintiff argues that he is disabled pursuant to Medical-Vocational Guideline Rule 202.06. This rule requires that a claimant be found disabled if he is of "advanced age" and "at least a high school graduate, who previously held a skilled or semi-skilled job that he can no longer perform but who has the residual functional capacity to perform light work," and has job skills that are not transferable. *Draegert v. Barnhart*, 311 F.3d 468, 473 (2d Cir. 2002). Plaintiff claims that he meets these requirements. At issue is whether or not Plaintiff's age was, in fact, "advanced."

The claimant's age category is based on his age on the date he was last insured. *E.g.*, *Battaglia v. Comm'r of Soc. Sec.*, No. 18-CV-00390, 2019 WL 3764660, at *3 (W.D.N.Y. Aug. 7, 2019). The ALJ found that Plaintiff, who was born on October 17, 1962, would be fifty-four years old at the date of last

4

insured (December 31, 2016), which is considered an individual "closely approaching advanced age." Tr. at 19; see also 20 C.F.R. Pt. 404, Subpt. P, App'x 2 (a "person closely approaching advanced age" is between the ages of 50 and 54, and a "person of advanced age" is 55 or older). Plaintiff was thus more than nine months away from qualifying as a "person of advanced age" on the date of last insured.

If a claimant is "within a few days to a few months of reaching an older age category," the Social Security Administration "will consider whether to use the older age category after evaluating the overall impact of all the factors" of the case. 20 C.F.R. § 404.1563(b). "Courts within the Second Circuit have concluded," however, "that three months constitutes the outer limits of a 'few months' for the purposes of borderline age." *Amato v. Berryhill*, No. 16-CIV-6768, 2017 WL 11455346, at *22 (S.D.N.Y. Dec. 1, 2017), *R&R adopted*, 2019 WL 4175049 (S.D.N.Y. Sept. 3, 2019); *Pennock v. Comm'r of Soc. Sec.*, 14-CV-1524, 2016 WL 1128126 at *11 (N.D.N.Y. Feb., 23, 2016) ("[A]mong the district courts in the Second Circuit, three months appears to delineate the outer limits of 'a few months.'"); *see also Gravel v. Barnhart*, 360 F.Supp.2d 442, 446 n. 8 (N.D.N.Y. 2005) (eleven months not borderline); *Hunt v. Comm'nr of Social Security*, No. 00-CV-706, 2004 WL 1557333, at *5 n.14 (N.D.N.Y. 2004) (eight months not borderline).

Plaintiff also claims the ALJ should have found that he had no "transferable skills." The ALJ held, however, that "transferability of job skills [was] not material to the determination of disability" because, due to his age, Plaintiff was not disabled under the Rule, regardless of whether or not he had transferable job skills. Tr. at 19. The ALJ did not err, therefore, in finding that Rule 202.06 did not apply.

B. **Residual Functional Capacity**

Plaintiff also argues that the ALJ improperly found an RFC for "light work." Under the regulations, "[t]he full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8-hour workday, with sitting occurring intermittently during the remaining time." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (citing 20 C.F.R. § 404.1567(b)). Plaintiff claims the ALJ erred in assigning only "some weight" to the opinion of Dr. Tsirlina — Plaintiff's treating physician — which contradicted this RFC determination. Dr. Tsirlina opined that that Plaintiff could sit for less than six hours in an eight-hour workday. *See* Tr. 18.

An ALJ must give a treating physician's opinion "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . .

6

[the] record." 20 C.F.R. § 404.1527(c)(2). An ALJ may discount a treating physician's opinion, however, when it is conclusory, the physician fails to provide objective medical evidence to support the opinion, or the opinion is inconsistent with the record. *E.g.*, *Portal v. Saul*, No. 17-CV-5503, 2019 WL 4575391, at *3 (E.D.N.Y. Sept. 20, 2019) (citing 20 C.F.R. § 404.1527(c)); *see also Aponte v. Sec'y, Dep't of Health 7 Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) ("While the opinions of a treating physician deserve special respect, genuine conflicts in the medical evidence are for the [Commissioner] to resolve." (cleaned up)). When a treating physician's opinion is not given controlling weight, an ALJ should base the weight afforded on various factors, including length, nature and extent of the treatment relationship, relevant evidence to support an opinion, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ gave only "some weight" to Dr. Tsirlina's opinion that Plaintiff could stand or walk for less than two hours a day "because it is not entirely consistent with the record." Tr. 18. This opinion was "inconsistent with the claimant's testimony that, although he gets tired, he does not experience pain with standing or walking." Tr. 18, 85. He noted that the "claimant also specifically testified that he had

7

no problems kneeling, which is inconsistent with Dr. Tsirlina limiting him to occasional kneeling." Tr. 18, 87,

Other evidence in the record is also contrary to Dr. Tsirlina's opinion. Plaintiff testified that, during the relevant period, he regularly went for walks, shopped for groceries, did laundry, and volunteered at a hospital and library. *See* Tr. 76 ("I was trying to volunteer some time in a hospital and the library, but officially I didn't work[.]"); 85 ("[M]y wife . . . and doctor advised me to try to go for walk not for long time."); 93 ("[A]s I mentioned, I was trying to volunteer in the hospital and my duty was to put stuff on the shelf after . . . laundry."); *see also* 212-16 (in a "function report," Plaintiff noted that he did not need help doing laundry or "small shopping").

It was thus permissible for the ALJ to afford less than controlling weigh to Dr. Tsirlina. Considering the record as a whole, the Court also finds that the ALJ's RFC decision was supported by substantial evidence.

## IV. Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for judgment on the pleadings and denies

the Plaintiff's cross-motion.  The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   June 30, 2021
         Brooklyn, New York